IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOHNATHAN BRYANT GOODWIN                                              PLAINTIFF

v.                            Cause  No. 1:09-cv-01040

DEF JAM RECORDS ET AL.                                             DEFENDANTS

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before this Court is Plaintiff's Complaint. ECF No.1. Plaintiff filed this Complaint on August 28, 2009. ECF No. 1. On August 28, 2009, this Court directed the U.S. Marshal Service to serve Defendants Def Jam Records, Rusell Simmons, and Fly Group with a copy of Plaintiff's Complaint. ECF No. 3. The U.S. Marshal Service attempted to serve each defendant with a copy of the Complaint. However, service was refused because Plaintiff did not provide the proper agent for service of process for any of the three defendants. ECF Nos. 7-9.

On August 2, 2010, this Court entered a show-cause order and allowed Plaintiff twenty days to provide the names and addresses of the proper agents for service of process for all three defendants. ECF No. 10. This Court also stated in that show-cause order that "Plaintiff's failure to comply may result in the dismissal of this case." *Id.* Thereafter, over two months later, Plaintiff supplied what appears to be a street address for one of the defendants, Def Jam Records.

This Court finds Plaintiff's response is both inadequate and untimely. First, Plaintiff does not provide the proper agent(s) for service of process for each of the three defendants. Absent a proper agent for service of process for any defendant this matter can not proceed. Second, this response was filed over one month late. Thus, this Court recommends Plaintiff's Complaint be **DISMISSED** for his failure to prosecute this action and failure to comply with this Court's Order.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**IT IS SO ORDERED** this **9th day of November, 2010.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE